IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

UNITED STATES OF AMERICA,

        Plaintiff,

v.

$23,559.67 SEIZED FROM TCF BANK ACCOUNT # 2857232333, and
$231,740.84 SEIZED FROM TCF BANK ACCOUNT # 9867610233,

        Defendants.
_____

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*
_____

The United States of America, by and through United States Attorney John F. Walsh and Assistant United States Attorney Martha A. Paluch, pursuant to Supplemental Rules for Admiralty, Maritime and Asset Forfeiture Actions G(2) states:

### JURISDICTION AND VENUE

1.    The United States of America (the "United States") has commenced this action pursuant to the civil forfeiture provisions of 31 U.S.C. § 5317(c)(2), in accordance with the procedures governing civil forfeiture under 18 U.S.C. § 981, seeking forfeiture of the defendant property involved in the structuring provisions of 31 U.S.C. § 5324(a)(1) and (3).  This Court has jurisdiction under 28 U.S.C. §§ 1345 and 1355.

2.    Venue is proper under 28 U.S.C. §§ 1355 and 1395, as the defendant property is located, and all acts described herein occurred, in the District Colorado.

## DEFENDANT PROPERTY

3. Defendant property is more fully described as follows:

a. $23,559.67 seized pursuant to United States District Court Seizure Warrant 11-MC-0024, from TCF National Bank Account # 2857232333 in the name of Dianna Shull, hereinafter referred to as "Account #2333"; and

b. $231,740.84 seized pursuant to United States District Court Seizure Warrant 11-MC-0025, from TCF National Bank Account # 9867610233 in the names of Dianna and James Shull, hereinafter referred to as "Account # 0233."

The property is currently in the custody of Denver, Colorado, Internal Revenue Service.

## FACTUAL BASIS FOR FORFEITURE

Except as otherwise noted, all of the following facts and information have been discovered through my own investigation and observations, and the observations and investigations of fellow law enforcement officers as reported to me.

### Currency Transaction Reports and Structuring

4. Title 31, United States Code, Section 5313 and 31 C.F.R. Chapter X (Formerly Part 103) of the Bank Secrecy Act ("BSA") require any financial institution that engages with a customer in a currency transaction (i.e. a deposit or withdrawal) in excess of $10,000.00 to report that transaction to the Internal Revenue Service on Form 104, Currency Transaction Report ("CTR").  These regulations also require that multiple transactions be treated as a single transaction if the financial institution has knowledge that they are conducted by, or on behalf of, the same person, and they

result in either currency received or disbursed by the financial institution totaling more than $10,000.00 during any one business day.

5.      When individuals routinely make cash deposits around $9,000 within a short period of time, they often are breaking a larger amount of money into separate deposits of amounts of less than $10,000.00 to avoid triggering the filing of a CTR. When they do this, they are engaging in structuring. Such structuring is prohibited by 31 U.S.C. § 5324(a)(3). Based on the evidence, it appears that lump sums of cash were acquired, and then structured into the defendant accounts in amounts of $10,000.00 or less so that it would not trigger the filing of a CTR.

<u>James and Dianna Shull Employment</u>

6.      Dianna Shull is the owner of a daycare based in her home located at 10841 Albion Court in Thornton, Colorado. According to the Colorado Department of Human Services Division of Child Care Licensing System Report on file, Shull's daycare is licensed to care for six children. There is also one employee listed as working for the Shull daycare, but there was no withholding or income information reported to the State of Colorado as to this employee.

7.      James Shull is a maintenance supervisor and his salary appears to be deposited directly into joint checking account number 9867610233 at TCF Bank. In an interview, Dianna Shull told agents that she made approximately $40,000 per year from her day care business, and that her husband made approximately $50,000 per year from his employment.

<u>Shull Bank Accounts</u>

8.      Defendant Account 9867610233 is a joint savings account in the names

of Dianna and James Shull that was opened at TCF Bank on May 16, 2005.

9. Defendant Account 2857232333 is a checking account with Dianna Shull listed as the sole owner and signatory on the account. Dianna Shull opened this account, which is also located at TCF Bank, on May 15, 2008.

10. From January 5, 2009, through July 29, 2010, cash deposits into Shulls' bank accounts at TCF National Bank have been near but not over the $10,000.00 cash threshold. Between January 5, 2009, and July 29, 2010, there were a total of 132 cash deposits into defendant TCF National Bank account numbers 9867610233 and 2857232333, for a total cash deposit of $719,150.72. Of the 132 currency deposits into defendant account numbers 9867610233 and 2857232333, 69 deposits appear to be structured in amounts less than $10,000.01 in 9867610233 and 26 deposits appear to be structured in amounts less than $10,000.01 into account 2857232333. When combined, the 69 structured transactions totaled $387,501.72 and the 26 structured transactions totaled $158,934.00.

11. From April 7, 2006, through July 29, 2010, nine CTRs were filed for deposits into TCF Bank relating to account numbers 9867610233 and 2857232333. All of the CTRs filed are noted as "multiple transaction." A "multiple transaction" CTR usually means that more than one cash deposit has been made into the same account during the bank's business day, which when aggregated exceeded the $10,000.00 threshold. These are usually identified through the bank's computer software at the end of the day and the customer is unaware that a CTR has been filed. Making multiple deposits in one day into the same account or different accounts where each deposit is under $10,000 but the total daily deposit is over $10,000 is often an attempt

by the subject to cause the bank to avoid filing a CTR.  This is a violation of 18 U.S.C. § 5324(a)(1).

12. It appears that Dianna Shull has consistently structured currency deposits into defendant TCF National Bank account numbers 9867610233 and 2857232333 since at least January 2009.

13. As demonstrated by "Exhibit 1," attached hereto, the pattern of deposits for Dianna Shull has been to make multiple cash deposits on the same day, on consecutive days, or within a few days of each other.  This gives the appearance that more than $10,000.01 in cash was available to deposit and was held back or conducted into separate accounts in order to avoid the CTR reporting requirements.  As such, these transactions constitute structuring in violation of 31 U.S.C. § 5324(a)(3).  A complete list of structured transactions is attached as Exhibit "1."

14. At this time, there is no known source of the large cash deposits but it is highly unlikely that the $546,435.72 deposited in cash between January 5, 2009, and July 29, 2010, was income derived solely from James Shull's known income and a daycare that can care for a maximum of six children.  In addition, during this same time period, the Shulls purchased four properties for a total of $531,601.00.  All four properties were purchased outright without a loan.

15. The investigation indicates that the Shulls have been structuring cash into various bank accounts since as early as 2006.  Between 2006 and January 2009, the Shulls purchased an additional nine properties for a total of $1,057,925.00.  All nine properties were purchased outright without a loan.

16. In support of the allegation that the Shulls were purchasing property with

proceeds of structured money, the government has traced several wires from defendant Account # 0233.

17.     In sum, the large number of cash deposits, and the amounts of these deposits, in addition to the purchase of numerous homes outright with no loans is inconsistent with the Shulls's known income.

<u>Dianna Shull Interview</u>

18.     On April 11, 2011, Special Agents of the Internal Revenue Service interviewed Dianna Shull.  Shull told the agents that she runs a daycare and is allowed to have up to six children, but currently only is caring for four children.  Shull also indicated that she sells Bosch kitchen equipment and owns some rental properties.  In addition, Shull indicated that her husband, James Shull, is a maintenance supervisor and that neither she nor her husband has any other sources of income.  Shull also told agents that she is paid by check by her daycare clients, and is also primarily paid by check from the tenants of her rental properties.  Dianna Shull indicated that she makes cash deposits about one to two times per month when people pay her in cash.

19.     When asked about the source of the cash deposited into defendant accounts, Dianna Shull responded that the cash came from her rental properties, and that two or three renters pay her in cash every month.  Shull also stated that she currently has $5,000 in cash in a lockbox upstairs in her residence, and that she typically keeps between $5,000 and $10,000 cash in her lockbox. When asked where all the cash deposited into her two accounts (defendant accounts) came from, Dianna Shull stated that her son, Jeremy Shull was also making some deposits into her account because he had borrowed money from her in the past.  Agents asked her

again where she got all the money that was deposited into defendant accounts over the past 30 months (approximately $700,00), and Shull stated that all the cash deposited came from cash rental payments she received from tenants of her properties.  Two to three renters per month paying in cash would be a maximum of $3,500 per month.  When asked how that would add up to the amount of cash deposits made by Shull, she stated, "I don't know what to tell you.  You'll have to talk to my son."  Shull told agents that, not including rental proeprty, she and her husband make approximately $90,000 per year.  When asked how making $90,000 a year they were able to purchase approximately $3,000,000 in property over the past 11 years and own it free and clear, Shull stated that they got the money from investments and continued to reinvest their money to purchase additional properties.

20.     Dianna Shull stated all the money in the defendant accounts belonged to her and none of the money was her son Jeremy's.  Dianna also stated that all the properties were owned by her and her husband, and that none of the properties, including the house were her son Jeremy lives, is owned by Jeremy.

## Conclusion

21.     Title 31, United States Code, Section 5317(c)(2) provides for the civil forfeiture of any property involved in  structuring violation of Title 31, United States Code, Section 5324(a)(1) and (3) in accordance with the procedures governing civil forfeitures pursuant to Title 18, United States Code, Section 981.

22.     All monies seized from defendant Account #2333, and defendant Account #0233 constitute property involved in or traceable to violations of 31 U.S.C. § 5324(a)(1) and (3) and, as such, are subject to forfeiture pursuant to 31 U.S.C. § 5317.

## VERIFICATION OF MATTHEW GARTH, SPECIAL AGENT INTERNAL REVENUE SERVICE CRIMINAL INVESTIGATIONS

I, Matthew Garth, hereby state and aver under the pains and penalties of perjury that I have read the foregoing Factual Basis for Forfeiture and that the facts and information contained therein are true to the best of my information and belief.

s/Matthew Garth
Matthew Garth

STATE OF COLORADO )
)ss.
CITY AND COUNTY OF DENVER)

The foregoing was acknowledged before me this 11th of July, 2011, by Matthew Garth, Special Agent, Internal Revenue Service.

s/ Pamela S. Jebens
Notary Public

My Commission Expires: 3-19-2012

### FIRST CLAIM FOR RELIEF

23. The Plaintiff repeats and incorporates by reference each of the paragraphs above.

24. By the foregoing and other acts, defendant $23,559.67 seized from TCF National Bank Account # 2857232333 constitutes property involved in, or traceable to, violations of 31 U.S.C. § 5324(a)(1) and (3), and therefore, is forfeited to the United States pursuant to 31 U.S.C. § 5317(c)(2).

### SECOND CLAIM FOR RELIEF

25. The Plaintiff repeats and incorporates by reference each of the paragraphs above.

26. By the foregoing and other acts, defendant $231,740.84 seized from TCF National Bank Account # 9867610233 constitutes property involved in, or traceable to, violations of 31 U.S.C. § 5324(a)(1) and (3), and therefore, is forfeited to the United States pursuant to 31 U.S.C. § 5317(c)(2).

WHEREFORE, the United States prays for entry of a final order of forfeiture for defendant property in favor of the United States, and that the United States be authorized to dispose of defendant property in accordance with law; that the Court enter a finding of probable cause for the forfeiture of defendant property.

Dated this 11th day of July, 2011.

    Respectfully submitted,

    JOHN F. WALSH
    United States Attorney


    By: s/ Martha A. Paluch _____
    Martha A. Paluch
    Assistant United States Attorney
    1225 17th Street, Suite 700
    Denver, CO 82002
    Telephone: 303-454-0100
    Fax: 303-454-0402
    E-mail: martha.paluch@usdoj.gov
    Attorney for Plaintiff